# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM E. KANTZ, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00051 |
| ) | CHIEF JUDGE CRENSHAW |
| BANK OF AMERICA, NA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is William Kantz's Motion to Remand. (Doc. No. 9.) On December 20, 2016, Kantz filed the Complaint against Bank of America, NA, in the Davidson County, Tennessee, Chancery Court. (Doc. No. 1-1.) Kantz alleges Bank of America violated the Truth in Lending Act, 12 U.S.C. §§ 2605 *et. seq.* ("Act.") (Id.) On January 13, 2017, Bank of America filed the Notice of Removal, pursuant to 28 U.S.C. § 1446. (Doc. No. 1.) Kantz now moves to remand this case to state court. (Doc. No. 9.) For the following reasons, the Motion to Remand is **DENIED**.

Generally, any civil action may be removed from state court by a defendant if the claim originally could have been brought in federal court. 28 U.S.C. § 1441(a) (2012). As Kantz's claim arises under federal law, the Court has original jurisdiction over this action. 28 U.S.C. § 1331 (2012). Congress did not expressly prohibit removal in the Act, nor is Bank of America's removal precluded under 28 U.S.C. § 1445. Therefore, removal is proper.

Neither of Kantz's arguments support remand in this case. First, Kantz argues that the Act grants concurrent jurisdiction to state and federal courts implicitly precludes removal. (Doc. No. 9 at 2.) However, "[t]he weight of judicial authority supports the conclusion that a Congressional

grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." Dorsey v. Detroit, 858 F.2d 338, 340-41 (6th Cir. 1988) (compiling cases). Second, Kantz attempts to bolster his motion by acknowledging his quick response and lack of "bad faith." (Doc. No. 9 at 2.) However, this merely satisfies the procedural requirement to file a motion to remand on grounds other than a lack of subject matter jurisdiction, 28 U.S.C. § 1447(c) (2012), and not the propriety of removal.

For the foregoing reasons, Kantz's Motion to Remand (Doc. No. 9) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE